## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.: 1:18-cv-23284-KMW

JUAN CARLOS GIL,

     Plaintiff,

vs.

THE PNC FINANCIAL SERVICES
GROUP, INC. d/b/a PNC Bank and
www.pnc.com,

     Defendant.

-----------------------------------------------/

### DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant The PNC Financial Service Group, Inc. ("PNC") files this Answer and Defenses to Plaintiff's Complaint.

### ANSWER

Each Paragraph of this Answer constitutes PNC's Answer to the same numbered paragraph of Plaintiff's Complaint.   PNC denies each and every allegation of Plaintiff's Complaint not specifically admitted in this Answer.

1.     Paragraph 1 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 1.

2.     Paragraph 2 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 2.

3.       Paragraph 3 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 3.

4.       Paragraph 4 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 4.

5.       Paragraph 5 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 5, except PNC admits that it offers financial products and services to its customers.

6.       Paragraph 6 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 6.

7.       Paragraph 7 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 7.  PNC denies that it subjected Plaintiff to unlawful discrimination.

8.       Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 8.  PNC further denies that the Court has jurisdiction over Plaintiff's claims due to the presence of a mandatory, binding arbitration clause in the PNC Customer Deposit Account Agreement.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 9.  PNC further denies that the Court has jurisdiction over Plaintiff's claims due to the presence of a mandatory, binding arbitration clause in the PNC Customer Deposit Account Agreement.

10.     Paragraph 10 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 10.

11.     Paragraph 11 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 11 relating to whether "the acts constituting the violation of the ADA occurred" in this judicial district and accordingly, denies the allegations, and denies that there is any basis for imposing liability based on Plaintiff's claims.

12.     Paragraph 12 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 12.   PNC denies that Plaintiff is entitled to declaratory or injunctive relief.

13.     Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 13 and accordingly, denies the allegations.

14.    Paragraph 14 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 14 and accordingly, denies the allegations.

15.    PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 15 of the Complaint and accordingly, denies those allegations.

16.    PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 16 of the Complaint and accordingly, denies those allegations.

17.    PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 17 of the Complaint and accordingly, denies those allegations.

18.    PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 18 of the Complaint and accordingly, denies those allegations.

19.    Paragraph 19 of the Complaint is denied, except that PNC admits that it is a publically traded company that operates banks.

20.    Paragraph 20 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 20.

21.    Paragraph 21 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 21.

22.     Paragraph 22 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 22.

23.     Paragraph 23 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 23.

24.     Paragraph 24 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 24, except that PNC admits that the website, www.pnc.com (the "Website"), includes information about financial products and services that PNC makes available to its customers.

25.     Paragraph 25 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 25, except PNC admits that the Website includes information about financial products and services that PNC makes available to its customers.

26.     Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 26.

27.     Paragraph 27 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 27, except PNC admits that the Website includes information about financial products and services that PNC makes available to its customers.

28.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 28 of the Complaint and accordingly, denies those allegations.

29.     Paragraph 29 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 29.

30.     Paragraph 30 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 30.

31.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 31 of the Complaint and accordingly, denies those allegations.

32.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 32 of the Complaint and accordingly, denies those allegations.

33.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 33 of the Complaint and accordingly, denies those allegations.

34.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 34 of the Complaint and accordingly, denies those allegations.

35.     Paragraph 35 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 35.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 35 and accordingly, denies the allegations on that basis as well.

36.    Paragraph 36 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 36.

37.    Paragraph 37 of the Complaint and all of its subparts contain conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 37 and all of its subparts.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 37 and all of its subparts and accordingly, denies the allegations on that basis as well.

38.    Paragraph 38 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 38.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 38 and accordingly, denies the allegations on that basis as well.

39.    Paragraph 39 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 39.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 39 and accordingly, denies the allegations on that basis as well.

40.    Paragraph 40 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 40, except that PNC admits that the Website contains information related to PNC accommodating individuals with disabilities.

41.     Paragraph 41 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 41.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 41 and accordingly, denies the allegations on that basis as well.

42.     Paragraph 42 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 42.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 42 and accordingly, denies the allegations on that basis as well.

43.     Paragraph 43 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 43.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 43 and accordingly, denies the allegations on that basis as well.

44.     Paragraph 44 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 44.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 44 and accordingly, denies the allegations on that basis as well.

45.     Paragraph 45 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 45.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 45 and accordingly, denies the allegations on that basis as well.

46.     Paragraph 46 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 46.

47.     Paragraph 47 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 47.

48.     Paragraph 48 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 48.

49.     Paragraph 49 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 49.

50.     Paragraph 50 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 50.

51.     Paragraph 51 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 51.

52.     Paragraph 52 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 52.

53.     Paragraph 53 of the Complaint contains purported recitations of the law to which no response is required.  To the extent a response may be required, PNC denies the allegations contained in Paragraph 53.  PNC further denies Plaintiff's characterization of the law.

54.     Paragraph 54 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 54.

55.     Paragraph 55 of the Complaint contains purported recitations of the law to which no response is required.  To the extent a response may be required, PNC denies the allegations contained in Paragraph 55.  PNC further denies Plaintiff's characterization of the law.

56.     Paragraph 56 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 56.

57.     Paragraph 57 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 57.

58.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 58 of the Complaint and accordingly, denies those allegations. PNC further denies Plaintiff's characterization of the cited website.

59.     Paragraph 59 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 59.

60.     Paragraph 60 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 60.

61.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 61 of the Complaint and accordingly, denies those allegations.

62.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 62 of the Complaint and accordingly, denies those allegations.

63.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 63 of the Complaint and accordingly, denies those allegations.

64.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 64 of the Complaint and accordingly, denies those allegations.  PNC further denies Plaintiff's characterization of the Website.

65.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 65 of the Complaint and accordingly, denies those allegations. PNC further denies Plaintiff's characterization of the Website.

66.     PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 66 of the Complaint and accordingly, denies those allegations. PNC further denies Plaintiff's characterization of the Website.

67.     Paragraph 67 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in

Paragraph 67.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 67 and accordingly, denies the allegations on that basis as well.

68.     Paragraph 68 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 68.

69.     Paragraph 69 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response may be required, PNC incorporates herein by reference the responses from Paragraphs 1 through 68, inclusive, as if the same were set forth at length.

70.     Paragraph 70 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 70.  PNC further denies Plaintiff's characterization of the statute.

71.     Paragraph 71 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 71.  PNC further denies Plaintiff's characterization and partial quotation of the statute.

72.     Paragraph 72 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 72.  PNC further denies Plaintiff's characterization and partial quotation of the statute.

73.     Paragraph 73 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 73.  PNC further denies Plaintiff's characterization of the statute.

74.     Paragraph 74 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 74.

75.     Paragraph 75 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 75.  PNC further denies Plaintiff's characterization of the statute.

76.     Paragraph 76 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 76.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 76 and accordingly, denies the allegations on that basis as well.

77.     Paragraph 77 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 77.  PNC further denies Plaintiff's characterization of the statute and case law cited.

78.     Paragraph 78 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 78.  PNC further denies Plaintiff's characterization of the case law cited.

79.     Paragraph 79 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 79.

80.     Paragraph 80 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in

Paragraph 80.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 80 and accordingly, denies the allegations on that basis as well.

81.     Paragraph 81 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 81.

82.     Paragraph 82 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 82.

83.     Paragraph 83 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 83.  PNC further denies Plaintiff's characterization of the case law cited and partial quotation of Congress.

84.     Paragraph 84 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 84.  PNC further denies Plaintiff's characterization of the case law cited.

85.     Paragraph 85 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 85.

86.     Paragraph 86 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in

Paragraph 86.  PNC further denies Plaintiff's characterization of the case law and partial quotation cited.

87.     Paragraph 87 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 87.

88.     Paragraph 88 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 88.  PNC further denies Plaintiff's characterization and partial quotation of the statute.

89.     Paragraph 89 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 89.  PNC further denies Plaintiff's characterization and partial quotation of the statute.

90.     Paragraph 90 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 90.

91.     Paragraph 91 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 91.

92.     Paragraph 92 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 92.

93.     Paragraph 93 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 93, except PNC admits only that the Website contains links to PDF documents.

94.     Paragraph 94 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 94.  PNC further lacks knowledge or information sufficient to respond to the allegations contained in Paragraph 94 and accordingly, denies the allegations on that basis as well.

95.     Paragraph 95 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 95.

96.     Paragraph 96 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 96.

97.     Paragraph 97 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 97.

98.     Paragraph 98 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 98.  PNC denies that Plaintiff is entitled to injunctive relief.

99.     Paragraph 99 of the Complaint and each of its subparts contain conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the

allegations contained in Paragraph 99 and each of its subparts.  PNC further denies that Plaintiff is entitled to any relief.

100.    PNC lacks knowledge or information sufficient to respond to the allegations of Paragraph 100 of the Complaint and accordingly, denies those allegations.  The second sentence of Paragraph 100 is a conclusion of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 100.  PNC denies that Plaintiff is entitled to attorneys' fees, costs and expenses.

101.    Paragraph 101 of the Complaint is an incorporation paragraph to which no response is required.  To the extent that a response may be required, PNC incorporates herein by reference the responses from Paragraphs 1 through 101, inclusive, as if the same were set forth at length.

102.    Paragraph 102 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 102.

103.    Paragraph 103 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 103.

104.    Paragraph 104 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 104.

105.     Paragraph 105 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 105.

106.     Paragraph 106 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 106.

107.     Paragraph 107 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 107.  PNC further denies Paragraph 107 because of Plaintiff's characterization and partial quotation of the Website.

108.     Paragraph 108 of the Complaint and each of its subparts contain conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 108.

109.     Paragraph 109 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response may be required, PNC denies the allegations contained in Paragraph 109.

The WHEREFORE clause (including all subparts) constitutes a prayer for relief and therefore, no response is required.  To the extent that a response may be required, PNC denies the allegations contained in the WHEREFORE clause (including all subparts), and PNC respectfully requests that the Court enter judgment in its favor and against Plaintiff.

## DEFENSES

1.      Plaintiff's Complaint fails to state any claim upon which relief may be granted against PNC, including, but not limited to, to the extent that Plaintiff's Complaint seeks accommodations that exceed the requirements of the Americans with Disabilities Act ("ADA") and as set forth in the ADA Accessibility Guidelines, and to the extent that any accommodations already exist.

2.      This court lacks jurisdiction due to the presence of a mandatory, binding arbitration clause in the PNC Customer Deposit Account Agreement.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of consent and necessity.

4.      Plaintiff's claims and the relief he seeks constitute a violation of due process because, due to the lack of promulgated regulatory authority, Plaintiff seeks to subject PNC to vague, private standards that fail to give PNC proper legal notice of the exact regulations that purportedly govern its conduct under the ADA.

5.      Plaintiff's claims are barred, in whole or in part, because the requested relief imposes an undue burden or hardship pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii).

6.      Plaintiff's claims are barred under the ripeness doctrine because the Department of Justice has not promulgated any regulations addressing website accessibility.

7.      Plaintiff's claims are barred under the primary jurisdiction doctrine because Plaintiff's claims require the resolution of issues that have been placed within the special competence of the Department of Justice, which has not issued regulations addressing website accessibility.

8.     Plaintiff's claims are barred by the doctrine of separation of powers because Plaintiff cannot request that this Court bypass the Department of Justice's Congressionally-mandated rulemaking process by imposing a purely voluntary website accessibility standard that lacks any legal or regulatory foundation, and because there is no evidence that Congress intended that such a legal standard should be applied.

9.     Plaintiff's claims are barred because the Website is not a public accommodation as that term is defined by 42 U.S.C. § 12181(7) because it is not an actual physical place or structure.

10.     PNC has acted reasonably and in good faith at all times material to Plaintiff's Complaint based on all relevant facts, law and circumstances known by PNC at the time that PNC acted.

11.     Plaintiff's claims are barred because PNC has developed reasonable alternative accommodations for visually impaired individuals through, among other things, the implementation of telephonic assistance to provide customers with availability to products and services.  Accordingly, Plaintiff lacks standing to pursue his claims and the Court lacks subject matter jurisdiction.

12.     Plaintiff is not entitled to any relief because it is, and has been, PNC's policy to comply with the ADA and any related regulations or guidelines.

13.     To the extent that Plaintiff requests modifications or accommodations that are not readily achievable, are impracticable or already exist, Plaintiff's claims are barred, in whole or in part, pursuant to 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv).

14.     To the extent that PNC is deemed to not be in compliance with the ADA or related regulations or guidelines, any such noncompliance was caused by third parties that are outside of the direct, day-to-day control of PNC.

15.     Depending on the time period challenged by Plaintiff's Complaint, Plaintiff's claims are, or may be, barred in whole or in part by the ADA's applicable statute of limitations and no such conduct can form the basis of any request for relief.

16.     Plaintiff has not incurred any actual damages or injury.  Having suffered no concrete harm, this Court lacks Article III standing to hear this case.

17.     Plaintiff's claims are, in whole or in part, moot because the Website meets any legal or technical specifications of the ADA and therefore there is no valid case or controversy, and the Court lacks subject matter jurisdiction.

18.     Plaintiff's claims are barred, in whole or in part, to the extent that the claim, remedy or relief requested is not authorized or required by the ADA.

19.     Any modifications and/or barrier removals Plaintiff has demanded are subject to the defense of "fundamental alteration" under 42 U.S.C. §§ 12182(b)(2)(A)(ii), (b)(2)(A)(iii).

20.     Plaintiff's claims are barred because PNC provided equivalent facilitation with regard to the alleged barriers set forth in Plaintiff's Complaint.

21.     Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff will not suffer any irreparable injury if injunctive or other equitable relief is denied.

22.     Plaintiff's claims for injunctive relief and other equitable relief are barred because it will cause PNC significant harm in the nature of undue burden and hardship that outweighs any purported benefit of the Court bypassing the Department of Justice's Congressionally-mandated rulemaking process by imposing a purely voluntary website accessibility standard.

23.     Plaintiff's claim for attorneys' fees, costs, and litigation expenses is barred, in whole or in part, by mootness and/or lack of subject matter jurisdiction to the extent that the Website is accessible to individuals with disabilities, including individuals who are blind or

visually impaired, or will become accessible to those individuals during the pendency of this litigation and prior to the Court granting Plaintiff any relief.

24.     Plaintiff's claim for attorneys' fees, costs, and litigation expenses is barred, in whole or in part, by PNC's good faith efforts to accommodate individuals with disabilities, including individuals who are visually impaired.

25.     PNC hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent through pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

WHEREFORE, Defendant PNC respectfully requests that the Court enter judgment in its favor and against Plaintiff.

Dated this 6th day of September, 2018.        Respectfully submitted,

**Reed Smith LLP**
*Attorneys for Defendant*

By: */s/ Ana M. Barton*
Ana M. Barton, Esq.
Florida Bar No. 85721
1001 Brickell Bay Drive
Suite 900
Miami, FL 33131
Phone: +1 786-747-0200
abarton@reedsmith.com

James L. Rockney, Esq.*
Pennsylvania Bar No. 200026
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Phone: +1 412-288-3131
jrockney@reedsmith.com

*PHV to be submitted

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

By: *<u>/s/Ana M. Barton</u>*
      Ana M. Barton